The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WSOU INVESTMENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>F5 NETWORKS, INC.,<br><br>Defendant. | Civil Action Nos. 2:20-cv-01878-BJR<br>No. 2:21-cv-00124-BJR<br>No. 2:21-cv-00125-BJR<br>No. 2:21-cv-00126-BJR<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND ITS INFRINGEMENT CONTENTIONS; DENYING PLAINTIFF'S REQUEST TO COMPEL DISCOVERY; DENYING DEFENDANT'S MOTION TO AMEND ITS INVALIDITY CONTENTIONS |

## I.  INTRODUCTION

Before the Court are four combined cases involving four separate but related patents. *See* Case No. 20-cv-1878 ("1878 Case"), Dkt. 143; Case No. 21-cv-124 ("124 Case"), Dkt. 93; Case No. 21-cv-125 ("125 Case"), Dkt. 94; Case No. 21-cv-126 ("126 Case"), Dkt. 94. At issue here are Plaintiff's three motions to amend its infringement contentions, Defendant's motion to amend its invalidity contentions, and a lingering discovery dispute. Having reviewed the motions, the oppositions thereto, the record of the case, and the relevant legal authorities, the Court will grant in part and deny in part Plaintiff's motions to amend its infringement contentions, deny

Defendant's motion to amend its invalidity contentions, and deny Plaintiff's remaining discovery requests. The reasoning for the Court's decision follows.

## II. MOTIONS TO AMEND

### A. Legal Standard

To amend infringement or invalidity contentions, the moving party must obtain the Court's leave and demonstrate good cause. LPR 124 (W.D. Wash.) Unlike the liberal policy for amending pleadings, the policy underlying the amendment of infringement and invalidity contentions is "decidedly conservative." *REC Software USA v. Bamboo Solutions Corp.*, No. C11–0554JLR, 2012 WL 3527891, at *2 (W.D. Wash. Aug. 15, 2012) (citation omitted). The Local Patent Rules are "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (9th Cir. 2006) (referring to identical Rules in Northern District of California).

Local Patent Rule 124 sets forth a non-exhaustive list of circumstances that, "absent undue prejudice to the non-moving party," may constitute good cause: "(a) a claim construction by the Court different from that proposed by the party seeking amendment; (b) recent discovery of material prior art despite earlier diligent search; and (c) recent discovery of nonpublic information about the Accused Device which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." LPR 124. The party moving to amend bears the burden of demonstrating diligence in drafting its original contentions with as much specificity as possible based on the information available at the time. *REC Software*, 2012 WL 3527891 at *2.

### B. Plaintiff's Motions to Amend Its Infringement Contentions

Plaintiff served its preliminary infringement contentions on Defendant in April 2021. *See*

1878 Case, Dkt. 64; *id.*, Dkt. 160 at 2; *see also id.*, Dkts. 144-2, 144-3, 144-4, 144-5. Plaintiff first moved to amend its infringement contentions on February 10, 2022. *Id.*, Dkt. 143. It has since filed two motions to supplement these amendments with additional revisions. *Id.*, Dkt. 166 (March 7, 2022); 126 Case, Dkt. 142 (May 20, 2022). The parties in this case agree that adding an entirely new "Accused Device"—even if recently discovered—would be inappropriate at this stage of the case.

Plaintiff seeks to amend both the document disclosing its infringement contentions (which Plaintiff calls a "cover page")[1] and the more detailed claim charts that accompany it[2] in each of the four cases. *See* 1878 Case, Dkt. 144, Exhs. 1-15; 126 Case, Dkt. 95, Exhs. 1-15. The proposed amendments to the infringement contentions largely consist of adding the names of products or instrumentalities that were not specifically identified as "Accused Products" or "Accused Instrumentalities" in Plaintiff's original infringement contentions. *E.g.*, 125 Case, Dkt. 96-6 at PDF 1-7; 1878 Case, Dkt. 145-5 at PDF 1-8. For example, in the 1878 Case, Plaintiff originally accused three products by name: "F5 Traffix Signaling Delivery Controllers, F5 VIPRION Platform and products, and F5 BIG-IP iSeries Platform and products." *See* 1878 Case, Dkt. 145-5 at PDF 3. In its proposed amended contentions, Plaintiff seems to expand these products to include "hardware (including cloud and virtual versions) and software products" and adds several

---

[1] The Local Patent Rules do not refer to this document as a cover page, but they also do not clarify what it should be called. For simplicity, when the Court refers to Plaintiff's "infringement contentions," it refers to this document alone and not the claim charts attached to it.

[2] Local Patent Rule 120(c) requires "[a] chart identifying specifically where each element of each Asserted Claim is found within each Accused Device, including for each claim element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Device that performs the claimed function."

other product names: "F5 Velos system . . . F5 LTM system . . . CMP platform and products . . . vCMP platform and products . . . TMOS, Big-IQ, iRules." *Id.* Plaintiff also seeks to add broad categories of products without naming any specifically, including "[a]ll F5 products . . . that connect to or are used in conjunction with or communicate with" any of the Accused Products. *Id.* at PDF 3-4.

Defendant opposes most of Plaintiff's proposed amendments but has identified some to which it assents. *Id.*, Dkt. 160 at 5 (citing *id.*, Dkt. 145-22 (green highlighting indicating agreement)). Defendant argues Plaintiff's other amendments amount to adding "new accused products" to the infringement contentions[3] and should not be permitted. *Id.* at 6-11. Plaintiff effectively concedes that the addition of entirely new products would not be permissible but counters that it is not adding new products but is merely adding "components" of, or details concerning, the existing Accused Products. In support of this statement, Plaintiff claims that every product it seeks to add to its infringement contentions was referenced in its original claim charts and thus is not "new."[4] *Id.*, Dkt. 143 at 7.

**1. Plaintiff's Supplemental Motions to Amend Are Denied**

As an initial matter, the Court will not consider Plaintiff's supplemental motions to amend its infringement contentions. The purpose of the Local Patent Rules governing infringement contentions is to "crystallize the[] theories of the case early in the litigation" to prevent constantly

---

[3] According to Defendant, the addition of certain products also implicates new infringement theories. 1878 Case, Dkt. 160 at 11-12.

[4] This disagreement over whether certain products are within the scope of the existing Accused Products is also the fault line of the ongoing discovery dispute that the Court will address *infra*. *See, e.g.*, 1878 Case, Dkt. 149 at 7.

4

"shifting sands." *REC Software USA*, 2012 WL 3527891, at *2 (citation omitted); *Kruse Tech. P'ship v. DMAX, Ltd.*, Case No. SACV 09–00458–JVS (RNBx), 2009 WL 10674462, at *1 (C.D. Cal. Dec. 21, 2009) (citation omitted). Even if the Court were to find there is good cause for one set of amendments, Plaintiff's practice of continually filing new additions every time it reviews another tranche of discovery is exactly what courts and the Rules mean by "shifting sands." Plaintiff's first motion to amend, alone, contains over 3,000 pages of charts, exhibits, and briefing. The sheer volume of these materials serves to obfuscate Plaintiff's infringement contentions, rather than clarify them as the Local Rules intend. Filing multiple motions of this size and scope on a rolling basis would not be permissible under the liberal standard for amending pleadings, let alone the "decidedly conservative" one that governs amendments to infringement contentions. Plaintiff's supplemental motions to amend are denied.

### 2. Plaintiff's Motion Lacks the Requisite Specificity

As to the remaining motion, Plaintiff claims there is good cause for its amendments based on 124(c), stating in its opening brief that it "only recently identified the substance of its proposed amendments through its diligent discovery efforts." 1878 Case, Dkt. 143 at 6. Plaintiff then describes various ways in which it has been diligent "throughout this case." *Id.* Conspicuously lacking in Plaintiff's argument is exactly what it learned during discovery and why it could not have been discovered earlier. *Id.* Plaintiff's claim that "[t]hrough its diligent analysis of [Defendant's] confidential source code and other technical documents . . . [Plaintiff] has identified a wide variety of new information . . . including both previously unavailable nonpublic information and previously unidentified public materials the relevance of which [Plaintiff] ascertained only through . . . discovery" is more form than substance and mostly amounts to a restatement of the legal standard. *Id.* Similarly, Plaintiff's reply makes conclusory statements that Plaintiff obtained

5

"additional details" or "further specificity" about how the patented technologies function "during discovery." *Id.*, Dkt. 174 at 5-7. The Court recognizes that, in theory, Plaintiff could have discovered previously unavailable information about Defendant's products during its analysis of something like source code. However, Plaintiff at no time describes with specificity *what* that information is and why it was previously unavailable.

### 3. Plaintiff's Motion Goes Beyond the Accused Products

The Court is not convinced that all of the products Plaintiff seeks to add to its infringement contentions are components of the Accused Products and/or were specified in the original claim charts. Plaintiff's proposed amendments include a substantial number of product names, each of which was mentioned in a different context and with varying frequency in the claim charts. It would be virtually impossible for the Court to trace each amendment back to the original claim charts—combing through thousands of pages of technical specifications—to determine the extent to which it is related to an Accused Product. It is Plaintiff's burden to provide the Court with the information necessary to establish that the proposed amendments are truly components of the Accused Products, and Plaintiff has not done so.

Furthermore, the Court is persuaded by Defendant's explanation of three representative examples that at least some of the products Plaintiff names in its amended infringement contentions are not adequately grounded in the claim charts and are in reality new products. One of these example products is "LTM." 1878 Case, Dkt. 160 at 8-9. In rebuttal, Plaintiff cites six instances in which LTM was mentioned in the claim charts. *Id.*, Dkt. 174 at 3 (citing *id.*, Dkt. 143 at 8)). In several of these instances, LTM is not mentioned in a sentence but rather is buried in a long URL with many numbers, characters, and symbols (and no spaces), such that the letters "ltm"

could only be located by someone who already knows that they are there.[5]  Where LTM is mentioned in a sentence, it is not clear whether it is a component of an Accused Product or merely cited as part of an example meant to illustrate how an Accused Product functions with other (non-accused) products.  *See, e.g.*, *id.*, Dkt. 144-5 at 18.

At its core, Plaintiff's argument suffers from a fatal inconsistency.  Plaintiff essentially takes the position that it had enough information about these products to include them in its claim charts.  At the same time, Plaintiff argues the information was only recently discovered.  To remedy this apparent contradiction, Plaintiff qualifies that it knew of the products but not some of their more "detailed features."  *Id.*, Dkt. 174 at 3.

In the final analysis, it is apparent that Plaintiff's proposed amended infringement contentions are not limited to describing the features of existing Accused Products.  The amendments plainly seek to accuse many more products of infringing Plaintiff's patents.  *See, e.g.*, *id.*, Dkt. 144-5 at 3.  Whether or not these products were cited in the claim charts as components or related products, they were not previously described as Accused Products.  *Id*.  Now, Plaintiff labels them as such.  *Id*.  Plaintiff has the burden of explaining how the "detailed features" it learned of during discovery transformed related products into infringing products, and Plaintiff has failed to carry that burden.

### 4.   Defendant Would Be Unduly Prejudiced If Plaintiff Were Permitted to Amend

Plaintiff claims that its proposed amendments would not prejudice Defendant because its

---

[5] For example, one of Plaintiff's citations is to the following URL: https://techdocs.f5.com/content/kb/en-us/products/big-ip_ltm/manuals/product/vcmp-administration-viprion-13-1 0/_jcr_content/pdfAttach/download/file.res/vCMP_for_VIPRION_Systems__Administration.pdf.  1878 Case, Dkt. 144-5 at 9.

original infringement contentions put Defendant on notice of the Accused Products, and that the amendments—merely representing components or additional detail—would not "expand the case." 1878 Case, Dkt. 174 at 7.  However, Plaintiff notes multiple times that its amendments are derived from "ongoing" discovery, and Plaintiff has already sought to supplement its amendments twice. *See, id.*, Dkt. 143 at 6; *id.*, Dkt. 166; 126 Case, Dkt. 142.

The Court cannot allow Plaintiff to continually expand or delay this case without a compelling justification.  As noted above, the instant motion to amend contains over 3,000 pages of charts and other exhibits that require a considerable amount of time to review and respond to, delaying the case in the meantime.  Additionally, there is significant overlap between the parties' discovery disputes and Plaintiff's motion to amend, such that Defendant has been required to engage in several rounds of motion practice over repetitive disagreements.  Permitting Plaintiff to amend its infringement contentions would only invite more squabbling and greater delay.

Accordingly, Plaintiff's motion is denied as to all of the amendments Defendant opposes, both because it is not supported by good cause and because it would be prejudicial. *See id.*, Dkt. 145-22.  Plaintiff's motion is granted as to the amendments to which Defendant has expressly consented. *Id.*  To the extent not covered by the previous sentence, Plaintiff's motion is also granted as to amendments that add source code as citations supporting existing contentions.  Courts in this District have required that a plaintiff's infringement contentions include "pinpoint citations to source code once the code has been provided to the plaintiff." *E.g.*, *REC Software USA*, 2012 WL 3545056, at *3 (citing *Vasudevan Software, Inc. v. Int'l. Bus. Machs. Corp.*, No. C09–05897 RS (HRL), 2011 WL 940263, at *7 (N.D. Cal. Feb. 18, 2011)).  Defendant does not claim that Plaintiff could have accessed Defendant's source code prior to discovery.

### C. The Parties' Outstanding Discovery Disputes

The Court noted in its June 27, 2022 order that one of the parties' discovery disputes is closely intertwined with Plaintiff's motion to amend its infringement contentions. 1878 Case, Dkt. 224 at 4. The products and topics on which Plaintiff seeks discovery are essentially the same as those Plaintiff sought to add to its infringement contentions.[6] *Id.* The Court has denied Plaintiff's motion to amend and determined that the products in question are not Accused Products—they are more akin to Related Products. During its September 30, 2021 teleconference, the Court ruled that Plaintiff was not entitled to discovery on Related Products. *Id.* at 1-2. Accordingly, the Court denies Plaintiff's outstanding discovery request described in the June 27 discovery order. *Id.* at 4; *see also supra* note 6.

### D. Defendant's Motion to Amend Its Invalidity Contentions

Defendant has moved to amend its invalidity contentions to add a product called the "Link Controller" as prior art to one of Plaintiff's patents. 126 Case, Dkt. 80. Like a motion to amend infringement contentions, a motion to amend invalidity contentions requires a showing of good cause. LPR 124. Local Patent Rule 124(b) states that the "recent discovery of material prior art despite earlier diligent search" may constitute good cause.

The Link Controller is one of Defendant's product, and Defendant does not deny that information about the product was in its possession at the start of the case and could have been

---

[6] Specifically, Plaintiff requests that the Court compel discovery on "the full scope of accused products, including, but not limited to, producing source code and other responsive documents and information and designating 30(b)(6) witnesses to testify about (1) components that the accused products use to achieve their accused functionalities, including TMOS, iRules, Analytics, iApps, iControl, iCall, Container Connector, iQuery, Big-IP Monitors and MRF; and (2) virtual and cloud editions of F5's BIG-IP and VIPRION platforms." 1878 Case, Dkt. No. 149 at 7.

9

identified earlier. *See* 126 Case, Dkt. 88 at 4; *id.*, Dkt. 80 at 3. Defendant nevertheless argues that it conducted a diligent search and that its failure to discover the Link Controller earlier was due to the enormous amount of information it had to review to defend this action. *See id.*, Dkt. 80 at 3 ("[Defendant's] investigation . . . required an assessment of activities that occurred over fifteen years ago, which is tantamount to a lifetime in the electronics industry."). Defendant claims it identified the Link Controller as relevant in September 2021 while conducting an internal review in response to one of Plaintiff's interrogatories. *Id.* at 3-4.

Defendant has not demonstrated good cause to amend its invalidity contentions. This action commenced in January 2021. Although it is understandable that Defendant did not have information regarding the Link Controller at its fingertips at the start of the action, it had months to conduct a more diligent search. Furthermore, Defendant identified the Link Controller in September but did not move to amend until late December. Given the complexity of this case and the delays it has already sustained, allowing Defendant to amend its invalidity contentions would only open the door to additional discovery and impede the limited progress made toward a resolution. Therefore, Defendant's motion is denied.

### III.   CONCLUSION

For the foregoing reasons, the Court rules as follows:

1) Plaintiff's motion to amend its infringement contentions (1878 Case, Dkt. 143; 126 Case, Dkt. 94; 125 Case, Dkt. 94; 124 Case, Dkt. 93) is granted in part and denied in part. Plaintiff may amend its infringement contentions and claim charts to add pinpoint citations to source code and make those changes to which Defendant has expressly consented. Plaintiff shall serve its amended infringement contentions on Defendant no later than July 11, 2022. Plaintiff's motion is denied in all other respects.

2) Plaintiff's motions to supplement its amended infringement contentions (1878 Case, Dkt. 166; 126 Case, Dkts. 106, 142; 125 Case, Dkt. 106; 124 Case, Dkt. 105) are denied.

3) Plaintiff's request to compel discovery (1878 Case, Dkt. 148; 126 Case, Dkt. 99; 125 Case, Dkt. 99; 124 Case, Dkt. 98) is denied.

4) Defendant's motion to amend its invalidity contentions (126 Case, Dkt. 80) is denied.

DATED this 1st day of July, 2022.

                                             *Barbara J. Rothstein*
                                             BARBARA J. ROTHSTEIN
                                             UNITED STATES DISTRICT JUDGE